JOEL PARKHURST, *in Equity, versus* EMELINE CUMMINGS, *Executrix.*

Nothing but payment of the debt secured by a mortgage on real estate, or a release, will operate a discharge of the mortgage.

A mortgager, when redeeming his mortgage, is not obliged to pay compound interest, although the note secured thereby, in terms, requires it.

On March 4, 1846, a mortgage of real estate was given to the respondent's testator to secure a note, of the same date, payable "with interest annually." A few years afterwards, the mortgager gave to the complainant's assignor a mortgage of the premises, " subject to the former," to secure a sum therein specified. March 4, 1865, the mortgager gave to the respondent's testator another negotiable note for the interest computed annually, which had accrued upon the original note, and on the same day made an indorsement upon the original note as follows : — " Received the interest on the within note to date by a note of March 4, 1865," &c. The respondent in her account of the amount due upon the mortgage, claimed payment of both notes, and interest on each, from the date of the latter. In a bill brought by the assignee of the junior mortgage, to redeem the senior mortgage : — *Held,*

1. That the second note was not intended as payment;

2. That the complainant was entitled to redeem upon payment of the original note and simple interest; and

3. That the respondent having claimed in her account more than she was entitled to recover, was liable for costs.

BILL IN EQUITY, heard upon bill, answer and proofs. Upon demand by the complainant, the respondent made the following statement as the true account of the sum due on the mortgage : — " The note described in said mortgage, and of even date with it, for one hundred and fifty-six dollars, payable in one year from date with interest annually, on which there is the following indorsements : — March 4, 1865, received the interest on the within note to date by a note of March 4, 1865, for the sum of three hundred and fifteen dollars and ninety-eight cents, payable on demand and interest, and signed by said Cephas Sampson ; on which said original note, I claim as due, July 4, 1867, the sum of one hundred seventy-seven dollars, eighty-four cents, ($177,84.) Also the note described in said indorsement on the original note, given for the interest on the same, on which I claim as due on said July 4, 1867, the sum of three hundred and sixty dollars and twenty-one cents, ($360,21,) — both of said sums amounting to the sum of five hundred thirty-eight dollars and five cents, ($538,05,) and being the amount due on said mortgage."

The remaining facts sufficiently appear in the opinion.

*W. W. Virgin*, for the complainant, contended, *inter alia*, that the note of March 4, 1865, was payment, because :

1. It is negotiable, and therefore presumed to be in payment of what it was given for.   2 Pars. on Notes & Bills, 150, note *a*, where all the authorities are cited.   *Paine* v. *Dwinel*, 53 Maine, 52.

2. Cummings intended it as payment, to save the original note from the statute of limitations.

3. The express language of the indorsement, — " Received the interest," &c., is that selected by the parties to express their intention ; while the latter clause of the indorsement simply refers to the note for the amount thus paid as interest.

4. If the note had been simply given and not indorsed

upon the original, it might not have been considered as payment.

5. Cummings might well waive the mortgage security of so much of the note as included the simple interest ($177,84) for Sampson's personal security for interest compounded for nineteen years ($315,98) with interest annually, even upon that. He took the money changer's risk and must abide the consequences, as between these parties.

6. The note is good against Sampson's estate. *Wilcox* v. *Howland*, 23 Pick., 167, but not secured by the mortgage. It is not a renewal, as in *Watkins* v. *Hill*, 8 Pick., 522, and *Pomroy* v. *Rice*, 16 Pick., 22. But a personal promise to pay $138,14 more than was collectable on the original note, made years after the intervention of the rights of third persons. Interest due is no part of the principal, and cannot bear interest except by a new special promise. *Doe* v. *Warren*, 7 Greenl., 48, approved by C. J. SHAW, in *Ferry* v. *Ferry*, 2 Cush., 98.

7. As between themselves, immediate parties to a senior mortgage, may select their own rules of equity and pay semiannual interest, as in *Farwell* v. *Sturdivant*, 37 Maine, 308; and the Court will not disturb them after executed in good faith; but a mortgagee of a senior mortgage cannot compel the mortgagee of a junior mortgage to be shod on the former's last.

8. Respondent, not having rendered a "true account," is liable for costs. R. S., c. 90, § 13; *Cushing* v. *Ayer*, 25 Maine, 388 – 9; *Pease* v. *Benson*, 28 Maine, 336; *Roby* v. *Skinner*, 34 Maine, 270.

*Alvah Black*, for the respondent.

1. Nothing but payment in fact, or the release of the mortgagee, will discharge a mortgage. *Crosby* v. *Chase*, 17 Maine, 369. The whole debt must be paid, — if separated into parts, the parts must all be paid. 1 Hill. on Mort., 372. Renewal is not payment, and will not discharge a mortgage. *Haddock* v. *Bulfinch*, 31 Maine, 246;

Parkhurst *v.* Cummings.

*Pomroy* v. *Rice*, 16 Pick., 22 ; 1 Hill. on Mort., 450. No change in the evidence of the debt secured will operate a discharge. 1 Hill. on Mort., 453.

2. When a negotiable note is taken for a simple contract debt, a presumption of fact arises, that it is taken in payment ; but the presumption may be rebutted. 2 Pars. on Bills & Notes, 150, notes *a & b; Curtis* v. *Hubbard*, 9 Met., 322 ; *Kidder* v. *Knox*, 48 Maine, 551. The taking of a negotiable note is to be regarded as payment only when the security of the creditor is not thereby impaired. *Kidder* v. *Knox, ubi sup.; Paine* v. *Dwinel*, 53 Maine, 52. The facts show that the second note was not intended as payment. The language of the second note and that of the indorsement indicate the same thing.

3. Renewal notes, with accruing interest added, are secured by the mortgage securing original notes. *Pomroy* v. *Rice, ubi sup.*

4. Notes for annual interest, given by a mortgager before conveying the equity of redemption, absolutely, or in mortgage, are secured by the mortgage, and must be paid to redeem. *Farwell* v. *Sturdivant*, 37 Maine, 308.

5. The giving of the annual interest note was in accordance with the terms of the original note and mortgage, and not an additional charge upon the estate, especially, when, as in the case at bar, the second mortgage, by its terms, is made subject to the former. There is no such privity between the holders of the second mortgage and of the Cummings mortgage as to permit the former to hold the mortgaged estate discharged of the annual interest. *Green* v. *Kemp*, 13 Mass., 515 ; *Ellsworth* v. *Mitchell*, 31 Maine, 247.

6. Respondent rendered a true account according to the terms of the mortgage and notes, and thereby complied with R. S., c. 90, § 13, and is not liable for costs. She could not be required to determine the legal effect of the notes. It was not an unreasonable neglect to render a true account. *Roby* v. *Skinner*, 34 Maine, 270.

APPLETON, C. J.—This is a bill in equity, brought by the assignee of a junior mortgage, given subject to a prior mortgage, against the prior mortgagee, to redeem the prior mortgage. The right of the complainant to redeem is not denied. The main question presented is the amount to be paid in order to redeem. It is conceded that the original debt must be paid. It is claimed that the defendant has been paid the interest thereon.

The mortgage sought to be redeemed was dated March 4, 1846, and was given to secure a note of the same date, for $156, "with interest annually," and payable in one year.

No interest was paid on the mortgage until March 4, 1865, when the mortgager gave the mortgagee a note of the following tenor:—

"Paris, March 4, 1865.

"For value received, I promise to pay Simeon Cummings or order, three hundred and fifteen dollars and ninety-eight cents, on demand, and interest annually. This note is for the interest on a certain note dated March 4, 1846, for the sum of $156, payable in one year from date and interest, and signed by myself and secured by mortgage.

Cephas Sampson."

On the back of the note of $156 is the following indorsement.

"March 4, 1865.—Received the interest on the within note of March 4, 1865, for the sum of $315,98, payable on demand and interest, and signed by Cephas Sampson."

The complainant asks equity and he must be willing to do equity. Nothing but payment of the mortgage debt or its release will operate as a discharge. A renewal of a note secured by mortgage is not such a payment as will discharge the mortgage, unless it was so intended by the parties. *Crosby* v. *Chase*, 17 Maine, 369; *Ellsworth* v. *Mitchell*, 31 Maine, 247; *Pomroy* v. *Rice*, 16 Pick., 22. We think it is evident that the parties to the note given for interest did not regard that as a payment and discharge of such interest. The circumstances manifestly rebut the presumption

of payment.    The mortgagee could never have intended thereby to surrender his claim for the interest unquestionably due.

The mortgager when redeeming a mortgage is not obliged to pay compound interest, though the note secured by the mortgage may in terms require it.  *Doe* v. *Warren*, 7 Greenl., 48; *Stone* v. *Locke*, 46 Maine, 445; *McLaughlin* v. *Kittridge*, 38 Maine, 513.    The mortgagee, when the mortgage note is payable at some future period and with annual interest may require the interest as it accrues, and, if not paid, may sue for and recover it.   He may take a note when the interest becomes due and the mortgage may be a security for such note.    But, after the principal becomes due, annual interest cannot be recovered in a separate suit.    *Howe* v. *Bradley*, 19 Maine, 31.    When the note for annual interest was given by the original mortgager, the holder thereof could not have recovered by suit more than simple interest, nor could he have maintained a separate action for the annual interest.

The plaintiff is entitled to redeem upon payment of the original note and simple interest.

The defendant, in reply to the plaintiff's demand for a statement of the amount due, sets forth  claims beyond the amount to which she was entitled.    The plaintiff, if he redeems, will recover costs.  *Cushing* v. *Ayer*, 25 Maine, 388.

KENT, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.